UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN JAMES,

                        Plaintiff,

                                                                          DECISION AND ORDER

                                                                          04-CV-6210L

          v.

D.G. AIDALA, Deputy Supt. Sec.,
COMMISSIONER GLEN S. GOORD,
DONALD SELSKY,

                        Defendants.
_____

## INTRODUCTION

Plaintiff, an inmate in the custody of the New York State Department of Corrections, commenced this action *pro se*, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth and Fourteenth Amendment rights while he was incarcerated at Five Points Correctional Facility.

Defendant Glenn S. Goord, Commissioner of the New York State Department of Corrections, has filed a motion to dismiss plaintiff's complaint (Dkt. #10) pursuant to FED. R. CIV. P. 12(b)(6). Defendant Goord argues that dismissal is warranted because plaintiff failed to plead sufficient personal involvement by him in the alleged constitutional violations. For the reasons stated below, defendant's motion is denied.

**DISCUSSION**

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994)). Defendant correctly argues that a plaintiff seeking monetary damages on a § 1983 claim cannot recover based on the doctrine of *respondeat superior*. *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989)."[M]ere linkage in the prison chain of command" is not sufficient to support a claim of personal involvement. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1995); *see also Colon*, 58 F.3d at 874 ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim."). Instead, the personal involvement of a supervisory defendant like Goord may be shown by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

For the limited purpose of resolving defendant's motion to dismiss, the Court assumes that the following allegations contained in plaintiff's complaint are true. *See Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir.1997). Plaintiff alleges that in July of 2002 he received misbehavior reports for assaulting a prisoner and for possession of a weapon. Defendant Aidala, the Deputy

Superintendent of Security at Five Points Correctional Facility, found plaintiff guilty of the charges following two Tier III disciplinary hearings. Plaintiff was sentenced to, *inter alia*, 24 months in the Special Housing Unit ("SHU").

After an administrative appeal, defendant Selsky reversed defendant Aidala's determination on the possession of weapons charge. However, Selsky affirmed the disposition of the assault charge. Plaintiff subsequently filed a Article 78 proceeding challenging DOCS's determinations, which was transferred to the New York State Supreme Court, Appellate Division, Third Department. Plaintiff alleges that instead of responding to his appeal in accordance with the Appellate Division's scheduling order, defendant Selsky, at the direction of Commissioner Goord, changed his original decision, and reversed defendant Aidala's determination of guilt on the assault charge.

Plaintiff claims that, as a result of the delay in reversing Aidala's determination, he spent 322 days in SHU confinement under conditions that represented a significant departure from ordinary prison life. He also claims that his conditional release date was extended, that he lost good time credits, that he was forced to resign from certain educational or occupational programs, and that he lost wages.

Plaintiff claims that Commissioner Goord and defendant Selsky have created a policy or custom of affirming constitutionally infirm Tier III determinations, but then suddenly reversing those same determinations if a prisoner files a meritorious Article 78 proceeding in state court. Plaintiff contends that numerous Article 78 proceedings and 42 U.S.C. § 1983 lawsuits are determined in favor of prisoners who claim that their Fourteenth Amendment rights were violated during Tier III

disciplinary hearings, and that this is evidence that Goord was aware of the unconstitutional violations, and of the inadequate and ineffective training of Tier III hearing officers.

Plaintiff also alleges that Goord consciously ignored the wide spread policy and custom that he knew existed throughout DOCS of hearing officers violating the Fourteenth Amendment rights of prisoners during Tier III disciplinary hearings, and was deliberately indifferent to the rights of prisoners by failing to act on information that unconstitutional practices were occurring. He claims that Goord also failed to provide adequate training to and supervision of DOCS employees who conduct Tier III disciplinary hearings and appeals.

Although I have grave doubts that plaintiff ultimately will prevail on his claims against Goord, I find that his allegations are sufficient to withstand a motion to dismiss. Dismissal is warranted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Davis v. Goord*, 320 F.3d 346 (2d Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Moreover, as has often been repeated in the context of a motion to dismiss at the pleadings stage, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

Plaintiff's allegations, at least in theory, could support a claim of individual liability against Commissioner Goord under three of the theories set forth in *Colon*, *supra*. See *Patterson v. Coughlin*, 905 F.2d 564, 568 (2d Cir.1990); *Shariff v. Goord*, No. 04-CV-6621, 2005 WL 1863560 (W.D.N.Y. Aug. 04, 2005)(citing *City of Canton v. Harris*, 489 U.S. 378 (1989) (plaintiff's complaint alleging supervisory liability withstood motion to dismiss where plaintiff alleged that

defendants exhibited deliberate indifference in their failure to train and supervise subordinates).  Of course, Commissioner Goord is not precluded by this Court's decision here from later bringing a summary judgment motion after discovery on this issue has been completed.

## CONCLUSION

Defendant Goord's motion to dismiss (Dkt. #10) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 27, 2005.